✎AO 245D     (Rev. 12/03) Judgment in a Criminal Case for Revocations
             Sheet 1

# UNITED STATES DISTRICT COURT

__NORTHERN__ District of __OKLAHOMA__

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **V.** | (For **Revocation** of Probation or Supervised Release) |
| LISA JEANINE FINDLEY | Case Number: 06-CR-071-001-TCK |
| | USM Number: 09845-062 |
| | Julia L. O'Connell |
| | Defendant's Attorney |

**THE DEFENDANT:**

X   admitted guilt to violation of mandatory condition, standard conditions one and three and special condition two of the term of supervision.

☐   was found in violation of condition(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| **Violation Number** | **Nature of Violation** | **Violation Ended** |
|---|---|---|
| I. Mandatory Condition | Law violations. | November 12, 2009 |
| II. Standard Condition One | Leaving judicial district without permission. | October 26, 2009 |
| III. Standard Condition Three | Failure to truthfully answer inquiries by probation officer. | April 23, 2009 |
| IV. Special Condition Two | Failure to abide by the special financial conditions. | June 19, 2009 |

        The defendant is sentenced as provided in pages 2 through __6__ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

        It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 9, 2010
Date of Imposition of Judgment

*Terence C Kern* (signature)
Signature of Judge

The Honorable Terence Kern, United States District Judge
Name and Title of Judge

June 11, 2010
Date

AO 245D    (Rev. 12/03 Judgment in a Criminal Case for Revocations
           Sheet 2— Imprisonment

Judgment — Page 2 of 6

DEFENDANT:        LISA JEANINE FINDLEY
CASE NUMBER:      06-CR-071-001-TCK

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of :   twelve (12) months.  Said custody term to run concurrently with Northern District of Oklahoma Case Number 05-CR-155-001-TCK, but consecutively to the sentence previously imposed in Tulsa County Case No. CF-09-5480.

☐ The court makes the following recommendations to the Bureau of Prisons:

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
            Sheet 3 — Supervised Release

Judgment—Page 3 of 6

DEFENDANT: LISA JEANINE FINDLEY
CASE NUMBER: 06-CR-071-001-TCK

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :  twenty-four (24) months as to 06-CR-071- 001-TCK to run concurrently with the supervised release term imposed in Case Number 05-CR-155-001-TCK.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
2. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
9. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement (any objection to such notification shall be decided by the district court);
14. the defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
15. the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
            Sheet 3C — Supervised Release

Judgment—Page 4 of 6

DEFENDANT: LISA JEANINE FINDLEY
CASE NUMBER: 06-CR-071-001-TCK

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit his person, residence, office or vehicle to a search, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. The defendant shall abide by the "Special Financial Conditions" previously adopted by the Court, as follows:

   a. The defendant shall maintain a checking account in the defendant's name and deposit into this account all income, monetary gains or other pecuniary proceeds, and make use of this account for payment of all personal expenses. All other bank accounts must be disclosed to the probation officer.

   b. The defendant shall not make application for any loan or enter into any credit arrangement, without first consulting with the probation officer.

   c. The defendant shall disclose all assets and liabilities to the probation officer. The defendant shall not transfer, sell, give-away, or otherwise convey any asset, without first consulting with the probation officer.

   d. If the defendant owns or maintains interest in any profit or nonprofit entity, you shall, upon request, surrender and/or make available for review, any and all documents and records of said profit or nonprofit entity to the probation officer.

   e. The defendant shall, upon request of the probation officer, complete a personal financial affidavit and authorize release of any and all financial information, to include income and tax return records, by execution of a Release of Financial Information form, or by any other appropriate means.

AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
           Sheet 5 — Criminal Monetary Penalties

DEFENDANT: LISA JEANINE FINDLEY
CASE NUMBER: 06-CR-071-001-TCK

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
| TOTALS | | $ | $ |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution or a fine more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
           Sheet 6 — Schedule of Payments

Judgment — Page 6 of 6

DEFENDANT:      LISA JEANINE FINDLEY
CASE NUMBER:    06-CR-071-001-TCK

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  X  Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____ , or
    X in accordance with ☐ C,  ☐ D,  ☐ E, or  X F below); or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay.

**F**  X  Special instructions regarding the payment of criminal monetary penalties:

    Any criminal monetary penalty is due in full immediately, but payable on a schedule of the greater of $25 quarterly or 50% of income pursuant to the Federal Bureau of Prisons' Inmate Financial Responsibility Program while in prison. If a monetary balance remains, payment is to commence no later than 60 days following release from imprisonment to a term of supervised release in equal monthly payments of at least $100.00 or 10% of net income (take home pay), whichever is greater, over the duration of the term of supervised release and thereafter as prescribed by law for as long as some debt remains. Notwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon property of the defendant discovered before or after the date of this Judgment.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.